RIMON, P.C.
Michael F. Heafey (SBN 153499)
michael.heafey@rimonlaw.com
Zheng Liu (SBN 229311)
zheng.liu@rimonlaw.com
800 Oak Grove Avenue, Suite 250
Menlo Park, California 94025
Telephone: 650.461.4433
Facsimile: 650.461.4433

John E. Handy (*Pro Hac Vice* To Be Filed)
484 Westpark Drive
Suite 810
McLean, Virginia  22102
Telephone:  (703) 559-7360
Facsimile:  (703) 559-7360

Attorneys for LuxCreo Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXCREO INC.,<br><br>       Plaintiff,<br><br>    v.<br><br>CARBON, INC.,<br><br>       Defendant. | Case No. 3:26-cv-1635<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff LuxCreo Inc. complains against Defendant Carbon, Inc.:

**NATURE OF ACTION**

1.    This is an action for declaratory judgment that Plaintiff does not infringe patents Defendant has asserted against Plaintiff and that the claims of the asserted patents are invalid.

The "Asserted Patents" are:

| | |
|---|---|
| U.S. Patent No. 9,205,601 (the '601 Patent) | U.S. Patent No. 10,471,699 (the '699 Patent) |
| U.S. Patent No. 9,453,142 (the '142 Patent) | U.S. Patent No. 10,647,880 (the '880 Patent) |
| U.S. Patent No. 9,498,920 (the '920 Patent) | U.S. Patent No. 10,792,856 (the '856 Patent) |
| U.S. Patent No. 9,598,606 (the '606 Patent) | U.S. Patent No. 10,899,868 (the '868 Patent) |
| U.S. Patent No.9,676,963 (the '963 Patent) | U.S. Patent No. 11,235,516 (the '516 Patent) |
| U.S. Patent No.9,982,164 (the '164 Patent) | U.S. Patent No. 11,358,342 (the '342 Patent) |
| U.S. Patent No. 10,144,181 (the '181 Patent) | U.S. Patent No. 12,151,073 (the '073 Patent) |
| U.S. Patent No. 10,240,066 (the '066 Patent) | |

**PARTIES**

**1.    Plaintiff LuxCreo Inc.**

2.    Plaintiff is a corporation organized and existing under the laws of the State of Delaware with a principal place of business and corporate headquarters at 350 W. Ontario Street, Chicago, Illinois  60654. Plaintiff also maintains an office in Palo Alto, California. Plaintiff develops, makes, and sells systems, devices, and products for additive manufacturing, also known as 3D printing. Plaintiff specializes in systems for additively manufacturing dental devices that help design, create, and deliver same-day treatments that enhance patients' smiles, health, and well-being.

**2.    Defendant Carbon, Inc.**

3.    According to public records, Defendant is a corporation organized and existing under the laws of the State of Delaware and maintains a principal place of business and corporate headquarters at 1089 Mills Way, Redwood City, California. According to records that the California Secretary of State maintains, Carbon, Inc. has

done business as Carbon3D, Inc.

## JURISDICTION AND VENUE

**1.  Subject Matter Jurisdiction**

4.      Subject matter jurisdiction exists in this Court under 28 U.S.C. sections 1331 and 1338(a) because this action arises under the patent laws of the United States and concerns the parties' respective rights and obligations under the Asserted Patents within the meaning of 35 U.S.C. section 1 *et seq*.

**2.      Declaratory Judgment Jurisdiction**

5.      This Complaint seeks declaratory relief. This Court has jurisdiction to grant such relief pursuant to the Declaratory Judgment Act, 28 U.S.C. sections 2201–2202, because, as explained below, Defendant has made explicit, detailed charges of patent infringement, including "willful infringement," in writing; asserting that Plaintiff's devices, products, and methods infringe the Asserted Patents. Plaintiff contends that it does not infringe, directly or indirectly, literally or under the doctrine of equivalents. In addition, Plaintiff contends that the Asserted Patents' claims are invalid under at least one or more of 35 U.S.C. sections 101, 102, 103, or 112. Accordingly, there is an actual case or controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**3.      Personal Jurisdiction**

6.      This Court has personal jurisdiction over Defendant because Defendant, on information and belief, maintains its corporate headquarters and principal place of business in Redwood City, California and because Defendant regularly transacts business in California. Defendant has registered with the California Secretary of State to do business in California and has designated a registered agent in California.

**4.      Venue**

7.      Venue is proper pursuant to 28 U.S.C. sections 1400(b) and 1391(b) because Defendant resides in this District by maintaining its principal place of business and corporate headquarters in Redwood City, California – within the Northern District of

1  California. In addition, a substantial part of the events giving rise to this action occurred in

2  the Northern District of California as Defendant's attorneys have transmitted letters that

3  accuse Plaintiff of infringing the Asserted Patents from their offices in San Francisco,

4  California or Menlo Park, California. Defendant addressed the first of its accusatory letters

5  to Plaintiff's chief executive officer at an address in Belmont, California.

6  **5. Inter-District Assignment**

7  8.    Defendant maintains its principal place of business and corporate

8  headquarters in Redwood City, San Mateo County, California.  Plaintiff maintains an

9  office in Palo Alto, Santa Clara County, California.  Pursuant to Local Rule 3-2 (c -d) and

10  this Court's General Order No. 44, this action may be assigned to either of the San

11  Francisco or Oakland Divisions or to the San Jose Division. Civil L.R. 3-2(a, c-e) &

12  General Order No. 44 – Assignment Plan.

13  **FACTS**

14  **1.    Letter From Daralyn J. Durie, Morrison Forrester**

15  9.    On October 25, 2023, an attorney, who identified herself as Daralyn J.

16  Durie of the law firm Morrison Forrester, wrote to Mike Yang, Plaintiff's chief executive

17  officer. Ms. Durie's letter stated that she represented Carbon, Inc. and that:

18  based on our preliminary analysis, including an inspection of LuxCreo's printer, <u>LuxCreo, Inc. and/or its affiliates (collectively, "LuxCreo") has infringed and is infringing Carbons patents by making, using, selling, and or/offering for sale in the United States or importing into the United States products that embody or that are produced using one or more of Carbon's patented inventions or by contributing to or inducing such infringement</u>.

21  Durie Letter (emphasis added) (a copy of Ms. Durie's letter is attached as **Exhibit A**

22  hereto). Ms. Durie's letter identified specific LuxCreo products that Carbon accused of

23  patent infringement including LuxCreo's EM+23 resin and products made from such

24  resin. Durie Letter.

25  10.    Ms. Durie's letter identified specific patents that Defendant alleges

26  Plaintiff infringes:

27  U.S. Patent No. 9,205,601                    U.S. Patent No. 10,144,181

28

COMPLAINT FOR DECLARATORY JUDGMENT

| | |
|---|---|
| U.S. Patent No. 9,453,142 | U.S. Patent No. 10,471,699 |
| U.S. Patent No. 9,498,920 | U.S. Patent No. 10,647,880 |
| U.S. Patent No. 9,598,606 | U.S. Patent No. 10,792,856 |
| U.S. Patent No.9,676,963 | U.S. Patent No. 11,235,516 |
| U.S. Patent No.9,982,164 | U.S. Patent No. 11,358,342 |
| U.S. Patent No. 10,240,066 | |

11.    Ms. Durie's letter concluded:

> We expect that further analysis would show that additional Carbon patents are implicated by LuxCreo's activities. Please <u>immediately cease all infringing activities, including (a) the manufacture, use, sale, offer for sale, and importation of any and all printers incorporating Carbon's patented CLIP technology, (b) the sale of LuxCreo'sEM+23 resin, and (c) the manufacture, use, sale, offer for sale, and importation of any and all products made using LuxCreo's EM+23 resin. If LuxCreo refuses to do so, Carbon intends to pursue litigation to address LuxCreo's ongoing infringement of its patents.</u> Given the high degree of similarity between LuxCreo's products and Carbon's patented materials, apparatuses, and methods, Carbon is confident that it will prevail.

Durie Letter (emphasis added).

**2.    Letter From Carbon – Karrie Rexford, SVP and General Counsel**

12.    On March 21, 2025, an attorney who identified herself as Karrie Rexford – Defendant's Senior Vice President and General Counsel – wrote to Mr. Yang and to Tao Feng, Plaintiff's Chief Intellectual Property Officer.  Ms. Rexford wrote:

> Carbon <u>maintains that LuxCreo . . . has infringed, and is infringing, several of Carbon's patents,</u> as detailed in the Notification Letter.  Accordingly, <u>Carbon again demands that LuxCreo immediately cease all infringing activities, including (a) the manufacture, use, sale, offer for sale, and importation of any and all printers incorporating Carbon's patented technology, (b) the sale of LuxCreo's EM+23 resin and any other reason incorporating Carbon's patented technology, and (c) manufacture, use, sale, offer for sale, and importation of any and all products made using LuxCreo's EM+23 resin or any other resin incorporating Carbon's patented technology.</u>

Rexford Letter (emphasis added) (a copy of Ms. Rexford's letter is attached as **Exhibit B** hereto). Ms. Rexford concluded her letter – "**Carbon will proceed to pursue litigation against LuxCreo**. *Id.* (emphasis in original).

**3.    Letter From Kathi Vidal, Winston Strawn**

13.    On December 12, 2025, an attorney, who identified herself as Kathi Vidal

of the law firm Winston Strawn, wrote to Mr. Yang and Ms. Feng. Ms. Vidal began her

letter:

> I have been retained by Carbon, Inc. ("Carbon") due to your continuing
> willful infringement of Carbon's intellectual property . . . .

Vidal Letter (emphasis added) (a copy of Ms. Vidal's letter is attached as **Exhibit C**

hereto). Ms. Vidal's letter stated the patents stated in Ms. Durie's letter except for three

patents:

U.S. Patent No. 9,676,963              U.S. Patent No. 9,982,164

U.S. Patent No. 10,792,856

Ms. Vidal's letter included two patents not stated in Ms. Durie's letter:

U.S. Patent No. 11,235,516             U.S. Patent No. 12,151,073

14.     Ms. Vidal's letter identified accused products and included a charge of

infringement:

> Exemplary infringing activities include without limitation infringement of the
> '073, '606, '516, and '880 Patents by manufacturing, using, selling, offering
> for sale, and/or importing the insoles in the following products:
>
> • LuxCreo Insole sold by LuxCreo direct to consumers
>
> • Porsche Design 3D MTRX II Shoe sold by Puma
>
> • Porsche Design 3D MTRX Trainers Shoe sold by Porsche
>
> • ActiBreeze Hybrid Sandal 2 sold by Asics

Vidal Letter (emphasis added).

### 4.     Patents Defendant Has Asserted Against Plaintiff

#### A.     U.S. Patent No. 9,205,601

15.     The '601 Patent is a United States Patent that states that it issued on

December 8, 2015 from an application filed on December 12, 2014, Application No.

14/569,202. A copy of the '601 Patent is attached as **Exhibit D-1** hereto. The '601 Patent

states that its assignee is Carbon3D, Inc., Redwood City, California. The patent

assignment records maintained at the United States Patent Office indicate that the '601

Patent was originally assigned to Carbon3D, Inc. who subsequently changed its name to

Carbon, Inc. of Redwood City, California. The Patent Office assignment records show that the '601 Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant page from the Patent Office's Assignment Record is attached as **Exhibit D-2** hereto.

16.    The '601 Patent discloses and claims chemicals, systems, apparatuses, and methods to build and operate equipment to manufacture objects additively.

**B.    U.S. Patent No. 9,453,142**

17.    The '142 Patent is a United States Patent that states that it issued on September 27, 2016 from an application filed on December 22, 2015, Application No. 14/827,974. A copy of the '142 Patent is attached as **Exhibit E-1** hereto. The '142 Patent states that its assignee is Carbon3D, Inc., Redwood City, California. The patent assignment records maintained at the United States Patent Office indicate that the '142 Patent was originally assigned to Carbon3D, Inc. who subsequently changed its name to Carbon, Inc. of Redwood City, California. The Patent Office assignment records show that the '142 Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant page from the Patent Office's Assignment Record is attached as **Exhibit E-2** hereto.

18.    The ' 142 Patent discloses and claims chemicals, systems, apparatuses, and methods to build and operate equipment to manufacture objects additively.

**C.    U.S. Patent No. 9,498,920**

19.    The '920 Patent is a United States Patent that states that it issued on November 22, 2016 from an application filed on January 14, 2014, Application No. 14/154,700. A copy of the '920 Patent is attached as **Exhibit F-1** hereto. The '920 Patent states that its assignee is Carbon3D, Inc., Redwood City, California. The patent assignment records maintained at the United States Patent Office indicate the '920 Patent was originally assigned to EIPI Systems, Inc. of Redwood City and then was "correctively" assigned to Carbon3D, Inc. of Redwood City, California. Carbon3D, Inc. changed its name to Carbon, Inc. also of Redwood City, California. The Patent Office assignment records indicate that '920 Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant page from the Patent Office's Assignment Record is attached

1    as **Exhibit F-2** hereto.

2        20.    The '920 Patent discloses and claims chemicals, systems, apparatuses, and

3    methods to build and operate equipment to manufacture objects additively.

4                    **D.    U.S. Patent No. 9,598,606**

5        21.    The '606 Patent is a United States Patent that states that it issued on

6    March 21, 2017 from an application filed on December 22, 2015, Application No.

7    14/977,876. A copy of the '606 Patent is attached as **Exhibit G-1** hereto. The '606 Patent

8    states that its assignee is Carbon3D, Inc., Redwood City, California. The patent

9    assignment records maintained at the United States Patent Office indicate that the '606

10   Patent was originally assigned to Carbon3D, Inc. who subsequently changed its name to

11   Carbon, Inc. of Redwood City, California. The Patent Office assignment records show

12   that the '606 Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant

13   page from the Patent Office's Assignment Record is attached as **Exhibit G-2** hereto.

14       22.    The '606 Patent discloses and claims chemicals, systems, apparatuses, and

15   methods to build and operate equipment to manufacture objects additively.

16                    **E.    U.S. Patent No.9,676,963**

17       23.    The '963 Patent is a United States Patent that states that it issued on June

18   13, 2017 from an application filed on December 22, 2015, Application No. 14/977,822.

19   A copy of the '963 Patent is attached as **Exhibit H-1** hereto. The '963 Patent states that

20   its assignee is Carbon3D, Inc., Redwood City, California. The patent assignment records

21   maintained at the United States Patent Office indicate that the '963 Patent was originally

22   assigned to Carbon3D, Inc. who subsequently changed its name to Carbon, Inc. of

23   Redwood City, California. The Patent Office assignment records show that the '963

24   Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant page from the

25   Patent Office's Assignment Record is attached as **Exhibit H-2** hereto.

26       24.    The '963 Patent discloses and claims chemicals, systems, apparatuses, and

27   methods to build and operate equipment to manufacture objects additively.

28

1

**F.    U.S. Patent No.9,982,164**

2    25.    The '164 Patent is a United States Patent that states that it issued on May

3    29, 2018 from an application filed on August 18, 2016, Application No. 15/240,157. A

4    copy of the '164 Patent is attached as **Exhibit I-1** hereto. The '164 Patent states that its

5    assignee is Carbon3D, Inc., Redwood City, California. The patent assignment records

6    maintained at the United States Patent Office indicate that the '164 Patent was originally

7    assigned to Carbon3D, Inc. who subsequently changed its name to Carbon, Inc. of

8    Redwood City, California. The Patent Office assignment records show that the '164

9    Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant page from the

10    Patent Office's Assignment Record is attached as **Exhibit I-2** hereto.

11    26.    The '164 Patent discloses and claims chemicals, systems, apparatuses, and

12    methods to build and operate equipment to manufacture objects additively.

13

**G.    U.S. Patent No. 10,144,181**

14    27.    The '181 Patent is a United States Patent that states that it issued on

15    December 4, 2018 from an application filed on November 10, 2015, Application No.

16    14/937,304. A copy of the '181 Patent is attached as **Exhibit J-1** hereto. The '181 Patent

17    states that its assignee is Carbon3D, Inc., Redwood City, California. The patent

18    assignment records maintained at the United States Patent Office indicate that the '181

19    Patent was originally assigned to Carbon3D, Inc. who subsequently changed its name to

20    Carbon, Inc. of Redwood City, California. The Patent Office assignment records show

21    that the '181 Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant

22    page from the Patent Office's Assignment Record is attached as **Exhibit J-2** hereto.

23    28.    The '181 Patent discloses and claims chemicals, systems, apparatuses, and

24    methods to build and operate equipment to manufacture objects additively.

25

**H.    U.S. Patent No. 10,240,066**

26    29.    The '066 Patent is a United States Patent that states that it issued on

27    March 26, 2019 from an application filed on February 9, 2017, Application No.

28    15/428,708. A copy of the '066 Patent is attached as **Exhibit K** hereto. The '066 Patent

states that its assignee is CARBON, INC., Redwood City, California. The assignment records maintained at the United States Patent Office include no assignment information for the '066 Patent. On information and belief, the '066 Patent is currently assigned to Defendant.

30.     The '066 Patent discloses and claims chemicals, systems, apparatuses, and methods to build and operate equipment to manufacture objects additively.

### I.     U.S. Patent No. 10,471,699

31.     The '699 Patent is a United States Patent that states that it issued on November 12, 2019 from an application filed on June 18, 2015, Application No. 15/314,332. A copy of the '699 Patent is attached as **Exhibit L-1** hereto. The '699 Patent states that its assignee is Carbon, Inc., Redwood City, California. The patent assignment records maintained at the United States Patent Office indicate that the '699 Patent was last recorded as assigned to Carbon, Inc. A copy of the relevant page from the Patent Office's Assignment Record is attached as **Exhibit L-2** hereto.

32.     The '699 Patent discloses and claims chemicals, systems, apparatuses, and methods to build and operate equipment to manufacture objects additively.

### J.     U.S. Patent No. 10,647,880

33.     The '880 Patent is a United States Patent that states that it issued on May 12, 2020 from an application filed on February 7, 2019, Application No. 16/264,710. A copy of the '880 Patent is attached as **Exhibit M** hereto. The '880 Patent states that its assignee is Carbon, Inc., Redwood City, California. The patent assignment records maintained at the United States Patent Office include no assignment information for the '880 Patent. On information and belief, the '880 Patent is currently assigned to Defendant.

34.     The '880 Patent discloses and claims chemicals, systems, apparatuses, and methods to build and operate equipment to manufacture objects additively.

### K.     U.S. Patent No. 10,792,856

35.     The '856 Patent is a United States Patent that states that it issued on

October 6, 2020 from an application filed on March 11, 2016, Application No.

15/553,871. A copy of the '856 Patent is attached as **Exhibit N-1** hereto. The '856 Patent

states that its assignee is Carbon Inc., Redwood City, California. The patent assignment

records maintained at the United States Patent Office indicate that the '856 Patent was

last recorded as assigned to Carbon, Inc. of Redwood City, California. A copy of the

relevant page from the Patent Office's Assignment Record is attached as **Exhibit N-2**

hereto.

36.     The '856 Patent discloses and claims chemicals, systems, apparatuses, and

methods to build and operate equipment to manufacture products additively.

**L.     U.S. Patent No. 10,899,868**

37.     The '868 Patent is a United States Patent that states that it issued on

January 26, 2021 from an application filed on February 27, 2020, Application No.

16/803,047. A copy of the '868 Patent is attached as **Exhibit O** hereto. The '868 Patent

states that its assignee is Carbon, Inc., Redwood City, California. The patent assignment

records maintained at the United States Patent Office include no assignment information

for the '868 Patent. On information and belief, the '868 Patent is currently assigned to

Defendant.

38.     The '868 Patent discloses and claims chemicals, systems, apparatuses, and

methods to build and operate equipment to manufacture objects additively.

**M.     U.S. Patent No. 11,235,516**

39.     The '516 Patent is a United States Patent that states that it issued on

February 1, 2022 from an application filed on March 19, 2020, Application No.

16/824,077. A copy of the '516 Patent is attached as **Exhibit P** hereto. The '516 Patent

states that its assignee is Carbon, Inc., Redwood City, California. The patent assignment

records maintained at the United States Patent Office include no assignment information

for the '516 Patent. On information and belief, the '516 Patent is currently assigned to

Defendant.

40.     The '516 Patent discloses and claims chemicals, systems, apparatuses, and

1    methods to build and operate equipment to manufacture objects additively.

2         **N.**  **U.S. Patent No. 11,358,342**

3       41.  The '342 Patent is a United States Patent that states that it issued on June

4    14, 2022 from an application filed on August 30, 2019, Application No. 16/556,404. A

5    copy of the '342 Patent is attached as **Exhibit Q** hereto. The '342 Patent states that its

6    assignee is Carbon, Inc., Redwood City, California. The patent assignment records

7    maintained at the United States Patent Office include no assignment information for the

8    '342 Patent. On information and belief, the '342 Patent is currently assigned to

9    Defendant.

10       42.  The '342 Patent discloses and claims chemicals, systems, apparatuses, and

11    methods to build and operate equipment to manufacture objects additively.

12         **O.**  **U.S. Patent No. 12,151,073**

13       43.  The '073 Patent is a United States Patent that states that it issued on

14    November 26, 2024 from an application filed on August 8, 2023, Application No.

15    18/463,353. A copy of the '073 Patent is attached as **Exhibit R** hereto. The '073 Patent

16    states that its assignee is CARBON, INC., Redwood City, California. The patent

17    assignment records maintained at the United States Patent Office include no assignment

18    information for the '073 Patent. On information and belief, the '073 Patent is currently

19    assigned to Defendant.

20       44.  The '073 Patent discloses and claims chemicals, systems, apparatuses, and

21    methods to build and operate equipment to manufacture objects additively.

22            **LEGAL CLAIM I**
     **NON-INFRINGEMENT OF THE '601 PATENT**

23       45.  Plaintiff repeats and re-alleges each and every allegation contained in

24    paragraphs 1 - 44 as if fully set forth herein.

25       46.  Plaintiff has not infringed and continues not to infringe any valid and

26    enforceable claim of the '601 Patent either literally or under the doctrine of equivalents.

27

28

**LEGAL CLAIM II**
**INVALIDITY OF THE CLAIMS OF THE '601 PATENT**

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

48.     The claims of the '601 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM III**
**NON-INFRINGEMENT OF THE '142 PATENT**

49.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

50.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '142 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM IV**
**INVALIDITY OF THE CLAIMS OF THE '142 PATENT**

51.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

52.     The claims of the '142 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM V**
**NON-INFRINGEMENT OF THE '920 PATENT**

53.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

54.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '920 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM VI**
**INVALIDITY OF THE CLAIMS OF THE '920 PATENT**

55.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

56.     The claims of the '920 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM VII**
**NON-INFRINGEMENT OF THE '606 PATENT**

57.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

58.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '606 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM VIII**
**INVALIDITY OF THE CLAIMS OF THE '606 PATENT**

59.     Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

60.     The claims of the '606 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM IX**
**NON-INFRINGEMENT OF THE '963 PATENT**

61.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

62.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '963 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM X**
**INVALIDITY OF THE CLAIMS OF THE '963 PATENT**

63.     Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

64.     The claims of the '963 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XI**
**NON-INFRINGEMENT OF THE '164 PATENT**

65.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

66.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '164 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XII**
**INVALIDITY OF THE CLAIMS OF THE '164 PATENT**

67.    Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

68.    The claims of the '164 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XIII**
**NON-INFRINGEMENT OF THE '181 PATENT**

69.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

70.    Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '181 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XIV**
**INVALIDITY OF THE CLAIMS OF THE '181 PATENT**

71.    Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

72.    The claims of the '181 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XV**
**NON-INFRINGEMENT OF THE '066 PATENT**

73.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

74.    Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '066 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XVI**
**INVALIDITY OF THE CLAIMS OF THE '066 PATENT**

75.    Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

76.    The claims of the '066 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XVII**
**NON-INFRINGEMENT OF THE '699 PATENT**

77.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

78.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '699 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XVIII**
**INVALIDITY OF THE CLAIMS OF THE '699 PATENT**

79.     Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

80.     The claims of the '699 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XIX**
**NON-INFRINGEMENT OF THE '880 PATENT**

81.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

82.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '880 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XX**
**INVALIDITY OF THE CLAIMS OF THE '880 PATENT**

83.     Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

84.     The claims of the '880 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XXI**
**NON-INFRINGEMENT OF THE '856 PATENT**

85.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

86.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '856 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XXII**
**INVALIDITY OF THE CLAIMS OF THE '856 PATENT**

87.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

88.    The claims of the '856 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XXIII**
**NON-INFRINGEMENT OF THE '868 PATENT**

89.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

90.    Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '868 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XXIV**
**INVALIDITY OF THE CLAIMS OF THE '868 PATENT**

91.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

92.    The claims of the '868 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

**LEGAL CLAIM XXV**
**NON-INFRINGEMENT OF THE '516 PATENT**

93.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

94.    Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '516 Patent either literally or under the doctrine of equivalents.

**LEGAL CLAIM XXVI**
**INVALIDITY OF THE CLAIMS OF THE '516 PATENT**

95.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

96.    The claims of the '516 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

## LEGAL CLAIM XXVII
## NON-INFRINGEMENT OF THE '342 PATENT

97.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

98.     Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '342 Patent either literally or under the doctrine of equivalents.

## LEGAL CLAIM XXVIII
## INVALIDITY OF THE CLAIMS OF THE '342 PATENT

99.     Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

100.    The claims of the '342 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

## LEGAL CLAIM XXIX
## NON-INFRINGEMENT OF THE '073 PATENT

101.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

102.    Plaintiff has not infringed and continues not to infringe any valid and enforceable claim of the '073 Patent either literally or under the doctrine of equivalents.

## LEGAL CLAIM XXX
## INVALIDITY OF THE CLAIMS OF THE '073 PATENT

103.    Plaintiff  repeats and re-alleges each and every allegation contained in paragraphs 1 - 44 as if fully set forth herein.

104.    The claims of the '073 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant:

    A.     a judgment that Plaintiff has not infringed any claim of the '601 Patent;

    B.     a judgment that all claims of the '601 Patent are invalid at least under one or more of 35 U.S.C. sections 101, 102, 103, or 112;

17

C.    a judgment that Plaintiff has not infringed any claim of the '142
Patent;

D.    a judgment that all claims of the '142 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

E.    a judgment that Plaintiff has not infringed any claim of the '920
Patent;

F.    a judgment that all claims of the '920 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

G.    a judgment that Plaintiff has not infringed any claim of the '606
Patent;

H.    a judgment that all claims of the '606 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

I.    a judgment that Plaintiff has not infringed any claim of the '963
Patent;

J.    a judgment that all claims of the '963 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

K.    a judgment that Plaintiff has not infringed any claim of the '164
Patent;

L.    a judgment that all claims of the '164 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

M.    a judgment that Plaintiff has not infringed any claim of the '181
Patent;

N.    a judgment that all claims of the '181 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

O.    a judgment that Plaintiff has not infringed any claim of the '066
Patent;

P.    a judgment that all claims of the '066 Patent are invalid at least under
one or more of 35 U.S.C. sections 101, 102, 103, or 112;

18

COMPLAINT FOR DECLARATORY JUDGMENT

1     Q.    a judgment that Plaintiff has not infringed any claim of the '699

2            Patent;

3     R.    a judgment that all claims of the '699 Patent are invalid at least under

4            one or more of 35 U.S.C. sections 101, 102, 103, or 112;

5     S.    a judgment that Plaintiff has not infringed any claim of the '880

6            Patent;

7     T.    a judgment that all claims of the '880 Patent are invalid at least under

8            one or more of 35 U.S.C. sections 101, 102, 103, or 112;

9     U.    a judgment that Plaintiff has not infringed any claim of the '856

10           Patent;

11     V.    a judgment that all claims of the '856 Patent are invalid at least under

12           one or more of 35 U.S.C. sections 101, 102, 103, or 112;

13     W.    a judgment that Plaintiff has not infringed any claim of the '868

14           Patent;

15     X.    a judgment that all claims of the '868 Patent are invalid at least under

16           one or more of 35 U.S.C. sections 101, 102, 103, or 112;

17     Y.    a judgment that Plaintiff has not infringed any claim of the '516

18           Patent;

19     Z.    a judgment that all claims of the '516 Patent are invalid at least under

20           one or more of 35 U.S.C. sections 101, 102, 103, or 112;

21     AA.    a judgment that Plaintiff has not infringed any claim of the '342

22           Patent;

23     BB.    a judgment that all claims of the '342 Patent are invalid at least under

24           one or more of 35 U.S.C. sections 101, 102, 103, or 112;

25     CC.    a judgment that Plaintiff has not infringed any claim of the '073

26           Patent;

27     DD.    a judgment that all claims of the '073 Patent are invalid at least under

28           one or more of 35 U.S.C. sections 101, 102, 103, or 112;

19

1        EE.    an award of reasonable attorneys' fees and costs; and

2        FF.    an award of such other and further relief as this Court may deem

3        just and proper.

4    **<u>DEMAND FOR JURY TRIAL</u>**

5    Plaintiff demands a trial by jury as to all issues so triable.

6        Respectfully submitted,

7    February 25, 2026    RIMON, P.C.

8

9        By:    */s/Michael F. Heafey*

10       Michael F. Heafey (SBN 153499)
         Zheng Liu (SBN 229311)

11       800 Oak Grove Avenue, Suite 250
         Menlo Park, California 94025

12       Telephone  (650) 461-4433
         Facsimile:  (650) 461-4433

13       michael.heafey@rimonlaw.com
         zheng.liu@rimonlaw.com

14

15       John E. Handy (*Pro Hac Vice* To Be Filed)
         1765 Greensboro Station Place Tower I, Suite 900

16       McLean, VA 22102
         Telephone:  (703) 559-7360

17       Facsimile:  (703) 559-7360
         john.handy@rimonlaw.com

18

19       Attorneys for Plaintiff LuxCreo Inc.

20

21

22

23

24

25

26

27

28

20

---

COMPLAINT FOR DECLARATORY JUDGMENT